CITY OF MAPLE HEIGHTS, APPELLEE, *v.* DICKARD, APPELLANT.

(Nos. 50486 through 50490— Decided April 28, 1986.)

*Ralph T. DeFranco,* for appellee.
*Brian J. Melling,* for appellant.

JACKSON, J. Appellant appeals his conviction by the Garfield Heights Municipal Court for driving while under suspension and fleeing a police officer.

The charges against appellant arose from a pre-dawn incident on April 7, 1985. Appellant Dickard was arrested by Maple Heights police and charged with reckless operation of a vehicle (R.C. 4511.20), driving without lights (R.C. 4513.15), excessive exhaust noise (R.C. 4513.22), driving while under suspension (R.C. 4511.192), and fleeing a police officer (R.C. 4511.02[B]). Appellant agreed to enter a plea of no contest to the charges of driving under suspension and fleeing, both first degree misdemeanors, and in return the appellee city recommended that the other three charges against him be nolled. Appellant's plea was accepted by the court on May 6, 1985, and sentencing was postponed until May 20.

At the sentencing hearing, the trial judge questioned appellant regarding his age, education, employment, marital status, prior transgressions, and appellant's explanation of the events of April 7. Appellant's attorney briefly addressed the issue of mitigation. Appellant admitted being in trouble before, but opined that it was nothing major. His counsel conceded that appellant had an extensive traffic record. Appellant had previously served three days and ten days in jail for other traffic infractions.

Prior to imposing sentence, the trial court reviewed appellant's arrest record which was furnished by the police department. Defense counsel protested that the arrest record was not properly before the court because many of the arrests did not ultimately end in convictions. The court responded that the arrest record revealed a "pattern." Charges against appellant were pending in Bedford at the time of the hearing herein.

The court concluded that there were no mitigating circumstances in appellant's record, and that both traffic offenses warranted the maximum penalty, six months in the workhouse and a $1,000 fine, with both terms of incarceration to be served concurrently. The court also indicated that it would review the sentence after thirty days, at which time it would take into account the outcome of the pending charges.

Appellant assigns the following as error for review in this court:

"The trial court abused its discretion in failing to apply the standards of R.C. § 2929.22 and R.C. § 2929.12 to the sentencing hearing, and further abused its discretion by considering non-criminal conduct and the status of appellant's father in determing [sic] the sentence imposed."

The misdemeanor sentencing statute, R.C. 2929.22, provides:

"(A)  In determining whether to impose imprisonment or a fine, or both, for misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine, the court shall consider the risk that the offender will commit another offense and the need for protecting the public therefrom, the nature and circumstances of the offense, the history, character, and condition of the offender and his need for correctional or rehabilitative treatment, and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on him.

"(B)  The following do not control the court's discretion, but shall be considered in favor of imposing imprisonment for misdemeanor:

"(1)  The offender is a repeat or dangerous offender;

"(2)  Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older or permanently and totally disabled at the time of the commission of the offense.

"(C)  The criteria listed in section 2929.12 of the Revised Code, favoring shorter terms of imprisonment for felony, do not control the court's discretion, but shall be considered against imposing imprisonment for misdemeanor.

"(D)  The criteria listed in divisions (B) and (C) of this section shall not be construed to limit the matters which may be considered in determining whether to impose imprisonment for misdemeanor.

"(E)  The court shall not impose a fine in addition to imprisonment for misdemeanor, unless a fine is specially adapted to deterrence of the offense or the correction of the offender, or the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.

"(F)  The court shall not impose a fine or fines which, in the aggregate and to the extent not suspended by the court, exceeds the amount which the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making restitution or reparation to the victim of his offense.

"(G)  At the time of sentencing or as soon as possible after sentencing, the court shall notify the victim of the offense of his right to file an application for an award of reparations pursuant to

sections 2743.51 to 2743.72 of the Revised Code."

The criteria referred to above in R.C. 2929.22, subsection (C), are provided as follows in R.C. 2929.12(C)(1) through (7):

"(1) The offense neither caused nor threatened serious physical harm to persons or property, or the offender did not contemplate that it would do so;

"(2) The offense was the result of circumstances unlikely to recur;

"(3) The victim of the offense induced or facilitated it;

"(4) There are substantial grounds tending to excuse or justify the offense, though failing to establish a defense;

"(5) The offender acted under strong provocation;

"(6) The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial time before commission of the present offense;

"(7) The offender is likely to respond quickly to correctional or rehabilitative treatment."

It has been recognized that "not all judges exercise their discretion on the basis of the facts and circumstances of the case and the character and background of the offender but act out of bias, prejudice and preconceptions." *Miamisburg* v. *Smith* (1982), 5 Ohio App. 3d 109, 110, 5 OBR 225, 226, 449 N.E. 2d 500, 501. Consideration and application of the R.C. 2929.22 guidelines can avert much of the potential unfairness in the sentencing process. Consequently, the statute has been construed to impose a mandatory duty on the trial court, and the failure of that court to weigh the statutory factors amounts to an abuse of discretion. *Cincinnati* v. *Clardy* (1978), 57 Ohio App. 2d 153, 11 O.O. 3d 137, 385 N.E. 2d 1342. See, also, *Cleveland* v. *Technisort, Inc.* (1985), 20 Ohio App. 3d 139, 20 OBR 172, 485 N.E. 2d 294; *State* v. *Wardlow* (1985), 20 Ohio App. 3d 1, 20 OBR 1, 484 N.E. 2d 276.

In the case at bar, it appears that the trial court did weigh the factors set forth in R.C. 2929.22. In the interest of fairness, we will review those factors in the context of the instant case.

R.C. 2929.22(A) requires the trial court to consider, among other things, the risk that the offender will commit another offense and the need to protect the public therefrom, along with the nature and circumstances of the offense. In the instant case, appellant admitted driving with a suspended license and fleeing the police. It was further alleged that appellant was operating the vehicle without lights, and drove in a reckless manner. Appellant's counsel conceded that appellant had an extensive traffic record. The trial court was justified in concluding that appellant posed a continuing threat to the public whenever he took to the highways.

Subsection (B)(1) requires consideration of whether the defendant is a repeat offender. The record demonstrates that appellant is a repeat offender and that factor is to be considered in support of incarceration.

Subsection (C) requires consideration of factors which would militate against incarceration. Those factors are:

(1) Did the offense neither cause nor threaten serious physical harm to persons or property?

Obviously, an unqualified driver fleeing the police in an automobile threatens serious physical harm to persons or property.

(2) Was the offense the result of circumstances unlikely to recur?

The prevalence of automobiles in our society makes it quite possible that appellant may be driving again soon.

(3) Did the victim of the offense induce or facilitate it?

There was no victim on this occasion.

(4) Are there substantial grounds tending to excuse or justify the offense?

Appellant stated that he was visiting his boss, who became so inebriated that

he could not drive. Appellant therefore took the car of his boss and drove himself. We do not find that this scenario excuses or justifies driving under suspension or fleeing the police.

(5) Did the offender act under strong provocation?

The evidence does not indicate that appellant was provoked.

(6) Does the offender have a clean record?

Appellant does not.

(7) Is the offender likely to respond quickly to correctional or rehabilitative treatment?

It would appear that appellant's two previous short-term jail sentences did not deter him from further misconduct as demonstrated herein.

None of the above factors indicates that the trial court was ill-advised in sentencing appellant to a period of incarceration in the case at bar.

R.C. 2929.22(E) disapproves the imposition of a fine in addition to imprisonment, but makes an exception when the fine is specially adapted to deterrence of the offense or the correction of the offender. The trial court apparently concluded that perhaps a fine would provide some deterrence where mere jail terms alone had previously failed.

Subsection (F) requires that a fine, if imposed, must not cause undue hardship to the defendant or his dependents, or prevent the defendant from making restitution to the victim. In the instant case there was, fortunately, no victim. The trial court questioned appellant and learned that appellant had neither a wife nor children. Appellant was employed and did not claim indigency.

Based upon the foregoing discussion, this court cannot conclude that the sentence imposed by the trial court reflected an abuse of discretion.

Appellant contends, however, that the trial court's bias is evident from three comments made by the court. First, appellant complains that the trial court considered factors, including prior arrests and charges, which did not lead to convictions. We agree that a defendant should not be punished for mere unsubstantiated charges made against him. However, we also note that the Supreme Court has stated, "[I]t is well-established that a sentencing court may weigh such factors as arrests for other crimes." *State* v. *Burton* (1977), 52 Ohio St. 2d 21, 23, 6 O.O.3d 84, 85, 368 N.E. 2d 297, 298.

Second, appellant argues that the trial judge exhibited prejudice when, after being told that many charges against appellant had been dropped, the judge asked, "Could that be because of his father?" The record does not identify appellant's father or explain what influence he might have over law enforcement personnel. We will not infer prejudice from this one remark from the bench.

Finally, appellant points out that at the May 6 hearing on appellant's plea, the trial court incorrectly stated that driving under suspension "could carry with it up to 6 months and $500." In fact, the maximum penalty is 6 months and a $1,000 fine, which the court later imposed. At no time however has appellant, who was represented by counsel throughout, alleged any reliance upon the foregoing misstatement by the court.

Accordingly, this court concludes that the trial court did not abuse its discretion in sentencing appellant, under the circumstances of the case at bar. Therefore, the assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PARRINO, C.J., and NAHRA, J., concur.