[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellant William Bingamon appeals from a judgment of the Montgomery County Common Pleas Court denying his petition to vacate or set aside his sentence without conducting an evidentiary hearing.
In his sole assignment of error, Bingamon contends the trial court erred by granting the state's summary judgment motion despite his presentation of evidence demonstrating a genuine issue of material fact.
The record reflects that Bingamon pleaded guilty in 1983 to aggravated robbery, kidnaping, having a weapon while under disability, felonious assault, and involuntary manslaughter. Bingamon subsequently appealed, and this court affirmed his convictions on March 6, 1984. In that ruling, we noted the trial court's substantial compliance with Crim.R. 11 when accepting Bingamon's guilty pleas. Bingamon then filed a motion for a new trial on January 12, 1990. The trial court treated the motion as a motion for post-conviction relief and overruled it. Thereafter, Bingamon filed his current petition for post-conviction relief on September 11, 1996. Following the state's motion for summary judgment and Bingamon's memorandum contra, the trial court granted the state summary judgment and denied the petition on September 30, 1997. Bingamon then filed a timely appeal advancing the following assignment of error:
 I. "Summary judgment was granted when factual evidence was presented in opposition that undoubtedly shows there was a genuine issue of material facts that would have granted defendant relief."
In his sole assignment of error, Bingamon contends the trial court should not have granted summary judgment because his evidence created genuine issues of material fact requiring an evidentiary hearing. In support, Bingamon presents two issues for this court's review.[1]
In his first argument, Bingamon contends his attorney coerced him into pleading guilty, and rendered his plea involuntary, by stating that he could not defend against any of the charges against him. To the contrary, however, Bingamon insists he provided the trial court with evidence proving he could not have been convicted of involuntary manslaughter. In particular, Bingamon asserts that the state used a minor misdemeanor, fleeing a police officer, as the underlying offense to obtain an involuntary manslaughter indictment. Bingamon then cites State v.Kuhajda (1993), 67 Ohio St.3d 450, for the proposition that an offense classified as a minor misdemeanor is not a misdemeanor that can serve as an underlying offense for purposes of involuntary manslaughter. Given his attorney's failure to recognize this defense to an involuntary manslaughter charge, Bingamon alleges that his plea was involuntary and that his trial counsel was ineffective.
A fundamental flaw in Bingamon's argument, however, is that eluding or fleeing a police officer in violation of then-R.C.4511.02(B)[2] was a first-degree misdemeanor and not a minor misdemeanor. City of Maple Heights v. Dickard (1986), 31 Ohio App.3d 68;State v. Mercurio (Oct. 3, 1986), Ottawa App. Nos. OT-86-9, OT-86-8, unreported; State v. Congrove (June 13, 1988), Pickaway App. No. 87 CA 13, unreported. As it existed at the time of Bingamon's offense, R.C. 4511.99(B) provided that "[w]hoever violates division (B) of section 4511.02 * * * is guilty of a misdemeanor of the first degree." Consequently, as a matter of law, defense counsel's failure to recognize Bingamon's non-existent defense did not render his plea involuntary or constitute ineffective assistance of counsel.
In his second argument, Bingamon contends he presented evidence proving that he received ineffective assistance of counsel. In support, Bingamon first reiterates his argument regarding his involuntary manslaughter conviction. As we explained above, that argument lacks merit. Bingamon next cites to portions of his memorandum contra the state's summary judgment motion in which he alleges that his indictment was defective. This argument does not rely upon evidence de hors the record, however, and could have been raised earlier.
In any event, we have reviewed Bingamon's argument and find it unpersuasive. Bingamon essentially argues that the indictment was unclear and that his attorney failed to explained the elements of the charges adequately. He has failed to support his claim, however, with affidavits or any other documentary evidence outside the record. Bingamon's unsupported assertion is insufficient to overcome a record demonstrating a knowing, intelligent, and voluntary plea taken in substantial compliance with Crim.R. 11. The only documentary evidence Bingamon provided to support his petition was a copy of his indictment, a copy of his termination entry, a number of witness statements, and a Moraine police report. As the trial court properly noted, this evidence "seem[s] to be completely in the State's favor, that Defendant did commit the crimes for which he was charged and sentenced. Therefore, Defendant fails to show that the attorney fell below the objective standard of reasonableness imposed by law."
In short, we find nothing in Bingamon's petition for post-conviction relief raising a genuine issue of material fact or warranting an evidentiary hearing. Accordingly, we overrule his assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.
Judgment affirmed.
BROGAN, J. and GRADY, J., concur.
Copies mailed to:
John J. Amarante
William Bingamon
Hon. Patrick J. Foley
[1] Although the record transmitted to this court on appeal does not include a copy of Bingamon's petition for post-conviction relief, we have obtained Bingamon's full criminal file in case number 83-CR-396 and, in the interest of fairness, reviewed a copy of the petition found there.
[2] Effective November 3, 1989, R.C. 4511.02 was amended and renumbered as R.C. 2921.331. That provision made eluding or fleeing a police officer either a first-degree misdemeanor or a fourth-degree felony, depending upon the circumstances.