Defendant-appellant Michael Snook appeals his sentence entered by the Stark County Court of Common Pleas on one count of sexual battery, in violation of 2907.03, as well as the trial court's adjudicating him to be a sexual predator. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On June 8, 1998, the Stark County Grand Jury indicted appellant on two counts of statutory rape, in violation of R.C.2907.02 (A)(1)(6)[1]; and one count of sexual battery, in violation of R.C. 2907.03[2]. All three counts charged appellant with sexually abusing his natural daughter, Jennifer, as a continuous course of conduct for more than ten years, beginning when Jennifer was four years old and continuing until she turned fourteen years old. At his arraignment on June 12, 1998, appellant entered pleas of not guilty to all the charges. The trial court originally scheduled the case for trial on July 27, 1998, but subsequently continued the matter until August 3, 1998.
Prior to trial, appellant entered into a negotiated plea agreement with the State. On August 3, 1998, the parties appeared before the trial court and placed the agreement on the record in open court. The State moved to merge the two counts of rape into the sexual battery charge. In exchange for the merger of the offenses, appellant agreed to change his plea of not guilty to a plea of guilty on the sexual battery charge. After sustaining the State's oral motion to merge the offenses, the trial court conducted a Crim. R. 11 dialogue with appellant. Upon being satisfied appellant was entering the plea knowingly, voluntarily, and intelligently, the trial court accepted the plea. The court scheduled the sentencing hearing for August 7, 1998.
On August 7, 1998, the trial court conducted a combined sentencing and H.B. 180 hearing. While discussing the statutory factors relative to appellant's sexual offender classification, the trial court referred to the time period covered by the three counts in the indictment, i.e., 1987-1998. Attorney Brad Iams, appellant's counsel, interrupted the trial court and the following discussion occurred:
 MR. IAMS: Your Honor, if I may, the indictment speaks for itself. He plead guilty to count three, but I am not sure what you —
THE COURT: The counts were merged, Mr. Iams.
 MR. IAMS: I haven't seen the language of that merger. And I understand — we all were understanding it was going to be a merger. I guess I am just not clear on the effect the Court is giving to that merger. I don't know. I mean, I haven't seen the paperwork on it. Was the time period in count three, then, was there a merger to the extent that the time period ran from the initial date in count one?
MS. CORDOVA
[ASSISTANT PROSECUTOR]:
 Your Honor, from the prospective of the State of Ohio, if we were to have amended the indictment, there would be a newly written indictment. Our intention was to merge these counts and not to actually dismiss any of the counts, but, rather, to merge them. So I guess the language doesn't change, but the effect is that there is only one count.
 THE COURT: Instead of the two counts of rape, those acts all became — were merged into sexual battery counts [sic]. And the acts as alleged in the indictment did not change. It was just the crime for which Mr. Snook was charged.
 MR. IAMS: I understand. And, certainly, it was done by agreement. I am not objecting. I am just trying — and I certainly understand the Court has authority to consider those matter with regard to sentencing. I am not suggesting you can't.
 I guess to be technically correct, if we were to suggest he admitted to everything in the indictment, but that is not necessarily correct. We entered a guilty plea of sexual battery and not to rape. But now, as I said, certainly, under the sentencing decisions and the 180 decision, those issues very well may be properly before the Court. I just, for clarification's sake, I wasn't sure what the — you know, what the effect or the exact language of that merger was. And you are saying we have kept the time period and merged it into renaming the counts, one count of sexual battery.
THE COURT: That is correct.
MR. IAMS: Just so the record is clear on that.
 Transcript of Sentencing Hearing, August 7, 1998, at 26-28.
Based upon its review of the statutory factors, the trial court determined appellant to be a sexual predator. Prior to imposing the sentence, the trial court made the following statement:
 Now, with respect to sentencing in this matter, as the Court has indicated to you previously, and if there is some disagreement as to this, you have plead guilty to one count of sexual battery for actions occurring over a period occurring [sic] 1987 through 1998. The Court finds that you are not amenable to community control and that a prison term is consistent with the purposes of Ohio Revised Code 2929.11.
 * * * But the Court cannot ignore the fact that the offense occurred between a father and a daughter. Fathers are supposed to protect and nurture their children. Instead, however, you abused that relationship and used it for your own gratification.
 While the Court hears your concerns for your family, there is still a concern that a period of ten years that wasn't your paramount concern.
* * *
 [T]he Court finds that the shortest prison term possible will demean the seriousness of the offense and will not adequately protect the public. And, therefore, the Court has determined that it will impose a greater term. The Court further finds that you have committed the worst form of this offense and that you sexually abused a child and that child was your own child and that your did it for a decade. From the time that she can remember, she can only remember your inappropriate contact with her.
Tr., Sentencing at 31-34.
Thereafter, the trial court sentenced appellant to a term of imprisonment of five years, the maximum sentence for a sexual battery conviction.
It is from the trial court's sentence and sexual predator classification appellant prosecutes this appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM PRISON TERM AVAILABLE INSTEAD OF THE MINIMUM TERM AVAILABLE[.]
 II. THE TRIAL COURT ERRED IN MAKING A FINDING THAT DEFENDANT WAS A SEXUAL PREDATOR.
 I
In his first assignment of error, appellant maintains the trial court erred in sentencing him to the maximum prison term authorized for a third degree felony offense. Specifically, appellant contends the trial court's findings relative to the imposition of the maximum sentence were inadequate and/or not supported by the record.
R.C. 2929.14(A)(3) sets forth the authorized sentencing range for a third degree felony[3]. With regard to the appropriate sentence within the range of possible sentences, R.C.2929.14(B) provides:
 Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02
of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
R.C. 2929.14(C) sets forth statutory criteria which must be satisfied before a trial court may impose a maximum sentence:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
In the instant action, appellant challenges the trial court's consideration of "unproved allegations". Appellant maintains the trial court considered criminal conduct outside the time period specifically alleged in the sexual battery count of the indictment. The sexual battery count alleged sexual conduct from November 9, 1996, until February 4, 1998. The two rape counts alleged sexual conduct dating back to 1987. Because he did not plead guilty to nor was he convicted of the two counts of rape, appellant submits the trial court erred in relying upon allegations relative to those charges.
Upon review of the record, we find appellant did not challenge the trial court's consideration of the criminal acts alleged in the two rape counts. In fact, as set forth in the Statement of Facts and Case, supra, Attorney Iams acknowledged the trial court's authority to consider these matters with regard to sentencing.
It is well accepted law a party is not permitted to complain of an error which said party invited or induced the trial court to make. In State v. Kollar (1915), 93 Ohio St. 89, the Ohio Supreme Court stated:
 The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible.
 Id. at 91.
Assuming, arguendo, Attorney Iams did not invite the error now complained of, we find the trial court did not err in considering information relative to the rape charges, regardless of the fact appellant was not convicted of those charges. See, State v. Burton (1977), 52 Ohio St.2d 21, 23
("[I]t is well established that a sentencing court may weigh such factors as arrests for other crimes."); Maple Heights v.Dickard (1986), 31 Ohio App.3d 68, 71; and State v. English
(1991), 77 Ohio App.3d 371, 386 ("In sentencing, the trial court may consider . . . information regarding other arrests, regardless of whether convictions resulted.").
In light of the fact the sentence imposed in the instant action was within the statutory limits, and after review of the entire record in this matter, we conclude the trial court's attitude was not unreasonable, arbitrary, or unconscionable; therefore, we find the trial court did not abuse its discretion in sentencing appellant to the maximum term authorized for sexual battery.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant asserts the trial court erred in finding him to be a sexual predator.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined R.C. Chapter 2950 is remedial in nature and not punitive. Id. at 417. As such, we review this assignment of error under the standard of review contained in C.E. Morris Co.v. Foley Constr. (1978), 54 Ohio St.2d 279.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr., supra.
R.C. 2950.01(E) defines a "sexual predator" as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.09(B)(2), which sets forth the relevant factors a trial court is to consider in determining whether a person should be classified as a "sexual predator", provides:
 In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In the instant action, the trial court emphasized the age difference between appellant and his victim. The trial court noted the sexual abuse began shortly after Jennifer's fourth birthday when appellant was thirty-one years old, and continued for over ten years, terminating when the girl was fourteen years old and appellant was in his early forties. Based upon the age difference and the length of time during which the conduct occurred the trial court found a demonstrated pattern of abuse.
Appellant contends the trial court's finding a demonstrated pattern of abuse was erroneous because he pleaded guilty to and was convicted of sexual battery only. Appellant submits the sexual battery conviction involved "relatively recent conduct; therefore, a demonstrated pattern of abuse has never been established." Brief of Appellant at 15. Appellant raises the same arguments asserted in his first assignment of error relative to the trial court's considering the time frame encompassed in the rape counts. As we found, supra, in sentencing, the trial court may consider information regarding other charges, regardless of whether convictions resulted, we likewise find the court may consider such information in determining an offender's sexual predator status.
Accordingly, we find the trial court's adjudication of appellant as a sexual predator is not against the manifest weight of the evidence, and the trial court did not err in considering the conduct relative to the two rape cases in making its determination.
Appellant's second assignment of error is overruled.
The sentence and sexual predator adjudication of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Wise, P.J. and Edwards, J. concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
--------------------
--------------------
 -------------------- JUDGES
[1] The time period covered in count one of the indictment was January 1, 1987, through June 30, 1996. Count two encompassed the period between July 1, 1996, and November 8, 1996. The demarcation for the two counts was the effective date of S.B. No. 2.
[2] Count three alleged conduct occurring between November 9, 1996, and February 4, 1998.
[3] "For a felony of the third degree, the prison term shall be one, two, three, four, or five years." R.C. 2929.014(A)(3).