JOURNAL ENTRY AND OPINION
Appellant, Eric Lange, Jr., appeals from the judgment of the Parma Municipal Court which convicted him of driving under the influence of alcohol, in violation of Parma Codified Ordinance ("P.C.O.") 333.01(A)(1); weaving, in violation of P.C.O. 331.36; resisting arrest, in violation of P.C.O. 606.16(B); and failure to stop after an accident, in violation of P.C.O. 335.16.
On October 12, 1999, appellant was arrested and charged with driving under the influence of alcohol ("DUI"), in violation of P.C.O. 333.01(A)(1); hit-skip, in violation of P.C.O. 335.15; and weaving, in violation of P.C.O. 331.36.
On March 29, 2000, appellant was again arrested and charged with driving under the influence of alcohol, in violation of P.C.O. 333.01(A)(1); driving under suspension, in violation of P.C.O. 335.08(E); failing to stop after an accident, in violation of P.C.O. 335.16; failing to maintain reasonable control of his vehicle, in violation of P.C.O. 333.025; and resisting arrest, in violation of P.C.O. 606.16(B).
Appellant entered into a plea bargain whereby he agreed to plead guilty to one count of DUI, weaving course, failure to stop after an accident, and resisting arrest in exchange for a dismissal of the remaining charges. On September 21, 2000, the trial court accepted appellant's guilty plea and dismissed the other charges. On November 22, 2000, the trial court sentenced appellant to the following: 180 days in jail with 170 days suspended and a fine of $750 with $250 suspended for the DUI offense; 90 days in jail and a fine of $500 for the resisting arrest offense; a fine of $100 for the weaving offense; and 180 days in jail with 180 days suspended and a fine of $500 with $200 suspended for the failure to stop after an accident offense.
On January 24, 2001, appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1, which the trial court denied. Appellant filed the instant appeal and assigns the following errors:
 I. IT IS REVERSIBLE ERROR TO ACCEPT A PLEA OF GUILTY FROM A DEFENDANT IN A MISDEMEANOR ARREST CASE AND IMPOSE SENTENCE WHEN THE DEFENDANT WAS NOT ADVISED OF THE CONSEQUENCE OF ENTERING A GUILTY PLEA IN A MANNER WHICH WAS REASONABLY INTELLIGIBLE TO THE DEFENDANT.
 II. IT IS REVERSIBLE ERROR TO ACCEPT A PLEA OF GUILTY FROM A DEFENDANT IN A MISDEMEANOR WEAVING CASE AND IMPOSE SENTENCE WHEN THE DEFENDANT WAS NOT ADVISED OF THE CONSEQUENCE OF ENTERING A GUILTY PLEA IN A MANNER WHICH WAS REASONABLY INTELLIGIBLE TO THE DEFENDANT.
 III. IT IS REVERSIBLE ERROR TO ACCEPT A PLEA OF GUILTY FROM A DEFENDANT IN A MISDEMEANOR DRIVING UNDER THE INFLUENCE CASE AND IMPOSE SENTENCE WHEN THE DEFENDANT WAS NOT ADVISED OF THE CONSEQUENCE OF ENTERING A GUILTY PLEA IN A MANNER WHICH WAS REASONABLY INTELLIGIBLE TO THE DEFENDANT.
 IV. IT IS REVERSIBLE ERROR TO ACCEPT A PLEA OF GUILTY FROM A DEFENDANT IN A MISDEMEANOR FAILURE TO STOP CASE AND IMPOSE SENTENCE WHEN THE DEFENDANT WAS NOT ADVISED OF THE CONSEQUENCE OF ENTERING A GUILTY PLEA IN A MANNER WHICH WAS REASONABLY INTELLIGIBLE TO THE DEFENDANT.
 V. IT IS REVERSIBLE ERROR TO ACCEPT A PLEA OF GUILTY FROM A DEFENDANT IN A MISDEMEANOR RESISTING ARREST CASE AND IMPOSE SENTENCE WHEN THE DEFENDANT WAS NOT INFORMED OF THE EFFECT OF PLEAS OF NO CONTEST AND NOT GUILTY.
 VI. IT IS REVERSIBLE ERROR TO ACCEPT A PLEA OF GUILTY FROM A DEFENDANT IN A MISDEMEANOR WEAVING CASE AND IMPOSE SENTENCE WHEN THE DEFENDANT WAS NOT INFORMED OF THE EFFECT OF PLEAS OF NO CONTEST AND NOT GUILTY.
 VII. IT IS REVERSIBLE ERROR TO ACCEPT A PLEA OF GUILTY FROM A DEFENDANT IN A MISDEMEANOR DRIVING UNDER THE INFLUENCE CASE AND IMPOSE SENTENCE WHEN THE DEFENDANT WAS NOT INFORMED OF THE EFFECT OF PLEAS OF NO CONTEST AND NO GUILTY.
 VIII. IT IS REVERSIBLE ERROR TO ACCEPT A PLEA OF GUILTY FROM A DEFENDANT IN A MISDEMEANOR FAILURE TO STOP CASE AND IMPOSE SENTENCE WHEN THE DEFENDANT WAS NOT INFORMED OF THE EFFECT OF PLEA OF NO CONTEST AND NOT GUILTY.
 IX. IT IS REVERSIBLE ERROR TO IMPOSE A JAIL SENTENCE IN A SECOND DEGREE MISDEMEANOR WITHOUT FIRST CONSIDERING THE CRITERIA TO BE APPLIED AS MANDATED BY SECTIONS 2929.22 AND 2929.12(C) OF THE OHIO REVISED CODE.
 X. IT IS REVERSIBLE ERROR TO IMPOSE A JAIL SENTENCE IN A FIRST DEGREE MISDEMEANOR WITHOUT FIRST CONSIDERING THE CRITERIA TO BE APPLIED AS MANDATED BY SECTIONS 2929.22 AND 2929.12(C) OF THE OHIO REVISED CODE.
Appellant's first, second, third, and fourth assignments of error will be addressed together. In these assignments of error, appellant alleges that the trial court did not properly advise him of the consequences of pleading guilty to the misdemeanors of resisting arrest, weaving, DUI, and failure to stop after an accident in a manner that was reasonably intelligent to him. Appellant concedes that the trial court informed him of the rights he would waive upon pleading guilty; however, he contends that the trial court failed to comply with Crim.R. 11(D) and (E) because it did not specifically state that the waiver of rights would apply to each of the misdemeanors for which he entered a guilty plea. Appellant further contends that the trial court failed to comply with the criminal rules by not providing an explanation of the rights that appellant was waiving by pleading guilty.
Each of the misdemeanors to which appellant entered a guilty plea is punishable by six months in jail or less; therefore, the entry of his pleas is controlled by Crim.R. 11(E). See Toledo v. Chiaverini (1983),11 Ohio App.3d 43, 44, 463 N.E.2d 56 (explaining that misdemeanors having a penalty of six months or less are considered "petty offenses" pursuant to Crim.R. 2 and 11(E)).
Crim.R. 11(E) provides:
 In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of a plea of guilty, no contest, and not guilty.
In Cleveland v. Wanzo (1998), 129 Ohio App.3d 664, 668, 718 N.E.2d 982, this court explained that a defendant pleading guilty to a petty offense must be advised that he is waiving the following Fifth and Sixth Amendment constitutional rights:
 The court, when informing a defendant of the effect of a plea of guilty, no contest or not guilty, pursuant to Crim.R. 11(E), should advise the defendant of his right to a trial by jury or to the court; the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses called against him; his right not to testify; and his right to subpoena any witness he may have in his own defense." Id., quoting Chiaverini, supra, at 44.
A trial court must also inform the defendant of the possible sentence he could receive. Garfield v. Mancini (1997), 121 Ohio App.3d 155, 157,699 N.E.2d 132. Failure to substantially comply with the dictates of Crim.R. 11(E) constitutes reversible error. Euclid v. Muller (1999),134 Ohio App.3d 737, 744, 732 N.E.2d 410.
In the instant case, the following dialogue occurred at appellant's plea hearing:
 THE COURT: The failure to stop after an accident and the DUI are misdemeanors of the first degree. They're punishable by up to six months in jail and/or $1,000 in fines. Do you understand that?
MR. LANGE: Yes, sir.
 THE COURT: The weaving is a misdemeanor of the fourth degree punishable by up [to] $250 in fines and/or 30 days in jail. The resisting arrest is a misdemeanor of the second degree punishable by up to $750 in fines and/or 90 days in jail. Do you understand that?
MR. LANGE: Yes, sir.
 THE COURT: The DUI is a first offense within a six year period. It carries with it minimum/ mandatory sentence requirements. There's a minimum/mandatory 180 day license suspension. A minimum/mandatory three days in jail. A minimum/mandatory $250 fine. All of those things will happen at least on the DUI. Do you understand that?
MR. LANGE: Yes, sir.
 THE COURT: By entering a change of plea, you're waiving your right to trial to myself or to a jury and all the rights that go along with a trial. Those rights include the right to be presumed innocent. The right to require the prosecution to prove your guilt beyond a reasonable doubt. You're waiving your right to compel witnesses to testify in your behalf and your right to confront witnesses against you. You're also giving up your right not to testify against yourself and that fact cannot be used against you by an[y] means. Do you understand that you're giving up all of those rights?
MR. LANGE: Yes, sir.
 THE COURT: Are you currently under the influence of any drugs or alcohol?
MR. LANGE: No, sir.
 THE COURT: Are you making this plea of your own free will?
MR. LANGE: Yes, sir.
 THE COURT: What plea would you like to enter to all of these counts?
MR. LANGE: Guilty, Your Honor.
From the record before us, it is evident that the trial court advised appellant of the constitutional rights he was waiving and advised him of the potential penalties for each offense before it accepted his guilty plea. We cannot conclude that the trial court was required to inform appellant that the waiver of rights applied to each misdemeanor for which he entered a plea. Furthermore, Crim.R. 11(E) does not require that the trial court describe the nature of the rights being waived. The record refutes any claim by appellant that he did not understand what rights he was waiving. Appellant's first, second, third, and fourth assignments of error are overruled.
Appellant's fifth, sixth, seventh, and eighth assignments of error will be addressed together. In these assignments of error, appellant alleges that the trial court failed to comply with Crim.R 11 because it did not inform him of the effects of pleading no contest or not guilty. Appellant contends that his guilty plea cannot be considered knowing and intelligent because he was not informed that he could choose to enter a plea of not guilty or no contest.
To comply with Crim.R. 11(E), the trial court is not required to inform a defendant that he could enter a plea of not guilty or no contest rather than enter a plea of guilty. As previously discussed above, the trial court once again substantially complied with Crim.R. 11(E) by informing appellant of the effect of his guilty plea; therefore, appellant's fifth, sixth, seventh, and eighth assignments of error have no merit.
Appellant's ninth and tenth assignments of error will be addressed together. In these assignments of error, appellant alleges that the trial court erred by imposing a jail sentence for the offenses of DUI and resisting arrest without considering the criteria set forth in R.C.2929.22 and 2929.12(C) and (E).
R.C. 2929.22 governs misdemeanor sentencing and provides, in pertinent part:
 (A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
* * *
 (E) The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specifically adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.
 (F) The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents, or will prevent the offender from making restitution or reparation to the victim of the offender's offense.
The trial court must consider the factors set forth in R.C. 2929.22 in imposing sentence for a misdemeanor; failure to do so constitutes an abuse of discretion. Maple Hts. v. Dickard (1986), 31 Ohio App.3d 68,508 N.E.2d 994. In the instant case, the trial court specifically stated that it considered the criteria for sentencing pursuant to R.C. 2929.22; therefore, we will presume that the trial court acted properly. See Statev. Polick (1995), 101 Ohio App.3d 428, 431, 655 N.E.2d 820.
As the Fourth Appellate District stated in Polick,
 [c]ontrary to the presumption afforded the trial court on a silent record under R.C. 2929.22(C) and 2929.12(C), we believe R.C. 2929.22(E) and (F) impose an affirmative duty upon the court to justify its decision to impose both a fine and imprisonment for a misdemeanor. Subsection (E) restricts application of both sanctions to situations where certain factual conditions exist. Subsection (F) also relates to the factual existence of the ability to pay. Without some inquiry and/or explanation, however brief, we are unable to effectively review the court's decision.
The trial court abused its discretion by sentencing appellant for the offenses of DUI and resisting arrest without stating its reasons for imposing a fine and incarceration. Appellant's ninth and tenth assignments of error have merit. Therefore, this matter should be remanded to the trial court solely to consider appellant's sentences for the offenses of DUI and resisting arrest.
Judgment affirmed and remanded for resentencing.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., AND JAMES J. SWEENEY, J., CONCUR.