JOURNAL ENTRY AND OPINION
Appellant, Thomas Burke, appeals from the judgment of the Rocky River Municipal Court, which convicted him of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1); failure to drive within marked lanes, in violation of R.C. 4511.33(A); and failure to signal, in violation of R.C. 4511.39.
On April 1, 2000, at approximately 1:00 a.m., Lieutenant Stalter and Auxiliary Sergeant Litkowski of the Rocky River Police Department were on the berm of the westbound entry ramp at West 218th Street of Interstate 90 west engaged in a traffic stop when the auxiliary officer observed appellant's vehicle driving toward the police cruiser. Appellant then swerved into the high speed lane, swerved back onto the berm, and then back onto the roadway. After passing the cruiser, appellant crossed into the berm a third time, nearly colliding with the wall. The police officers followed appellant's vehicle and observed it travel from the express lane to the slow speed lane and then travel back to the high speed lane. Appellant did not use his turn signal when he changed lanes.
When the officers stopped appellant, he appeared intoxicated and refused to perform any field sobriety tests or submit to a breathalyzer test. Appellant was arrested and charged with driving under the influence of alcohol, failing to drive within marked lanes, and failure to signal.
Appellant filed a motion to suppress evidence, which was denied by the trial court after a hearing on the matter. A jury trial was held on August 24, 2000, and the jury found appellant guilty on all charged offenses. On August 25, 2000, the trial court sentenced appellant to serve six months in jail and pay a fine of $1,500 because appellant had been convicted of a prior DUI within the previous six years. Appellant's license was suspended for five years, less credit of 145 days for the administrative license suspension. From his judgment of conviction, appellant assigns the following errors:
 I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE TESTIMONY AND/OR EVIDENCE.
 II. THE TRIAL COURT ERRED IN CONSIDERING A NOT GUILTY VERDICT AS A BASIS FOR ENHANCING THE SENTENCE AS A PRIOR OFFENSE.
 III. THE TRIAL COURT ERRED IN CONSIDERING THE CONVICTION OF A DUI VIOLATION 10 YEARS OLD AND OTHER CONVICTIONS OUTSIDE THE SIX YEAR LOOK BACK PERIOD IN SENTENCING THE DEFENDANT FOR A NEW DUI.
 IV. THE TRIAL COURT ERRED IN EXCEEDING ITS "GUIDELINE AUTHORITY" WHERE SENTENCING DEFENDANT AND REFUSING FIVE ALCOHOL RELATED OFFENSES AS THE BASIS FOR A MAXIMUM, MAXIMUM SENTENCE (SIC).
In his first assignment of error, appellant alleges that the trial court erred by denying his motion to suppress all evidence obtained by the Rocky River Police Department. Appellant contends that the stop of his vehicle was not justified by reasonable suspicion based on specific and articulable facts.
In order to conduct an investigative stop of a motor vehicle, a police officer must have an articulable and reasonable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law. Delaware v. Prouse (1979), 440 U.S. 648, 663,99 S.Ct. 1391, 59 L.Ed.2d 660. The propriety of an investigative stop is to be viewed in light of the totality of the circumstances. State v. Bobo
(1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus.
To support his contention that the officers did not possess reasonable suspicion to stop his vehicle, appellant relies on a line of cases that hold that a de minimis marked-lanes violation without other evidence of impairment does not justify an investigative stop. See State v. Gullett
(1992), 78 Ohio App.3d 138, 604 N.E.2d 176 (motorist crossed the right edge line on one occasion over a mile and one-half stretch, and again when he turned at the intersection); State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141 (vehicle once moved out of its lane of travel by one tire width); State v. Johnson (1995), 105 Ohio App.3d 37,663 N.E.2d 675 (vehicle crossed right edge line twice by less than one tire width).
The facts of the instant case are distinguishable from those of the cases that appellant cites in that those motorists barely crossed the edge lines; however, in the case sub judice, the officers observed appellant's vehicle repeatedly cross several lanes of traffic and swerve onto the berm. Such erratic driving does not constitute a de minimis
marked-lanes violation; therefore, appellant's driving provided specific articulable facts to warrant an investigative stop.
Furthermore, the officers were justified in stopping appellant because they observed him committing the traffic offense of failing to use his turn signal. In Dayton v. Erickson (1996), 76 Ohio St.3d 3,665 N.E.2d 1091, the Supreme Court of Ohio held that "where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under theFourth Amendment to the United States Constitution." Id. at syllabus. Because the officer had reasonable suspicion to stop appellant, the trial court did not err by denying appellant's motion to suppress. Appellant's first assignment of error is overruled.
Appellant's second and third assignments of error will be addressed together as they both pertain to the trial court's reference at the sentencing hearing to appellant's prior history of DUI charges. In his second and third assignments of error, appellant contends that the trial court abused its discretion by considering that appellant had been acquitted of DUI sometime between 1991 and 1997 and had previously been convicted of DUI in 1987, 1988, and 1991.
R.C. 4511.99(A)(2)(a) governs DUI sentencing and provides in pertinent part:
 Except as otherwise provided in division (A)(4) of this section, the offender is guilty of a misdemeanor of the first degree, and, except as provided in this division, the court shall sentence the offender to a term of imprisonment of ten consecutive days and may sentence the offender pursuant to section 2929.21 of the Revised Code to a longer term of imprisonment if, within six years of the offense, the offender has been convicted of or pleaded guilty to one violation of the following:
 (i) Division (A) or (B) of section 4511.19 of the Revised Code;
 (ii) A municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
 (iii) A municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine;
* * *
The record reveals that appellant pleaded guilty to DUI in 1997. Pursuant to R.C. 4511.99(A)(2)(a), the trial court was within its discretion to sentence appellant to a longer term of incarceration pursuant to R.C. 2929.21 because appellant had pleaded guilty to a violation of 4511.19 within six years of the instant offense.
R.C. 2929.21 governs the penalties for misdemeanors and provides that a trial court may impose up to six months of incarceration for offenders who commit first degree misdemeanors. Because the trial court was within its discretion to sentence appellant to six months of incarceration due to his prior DUI offense in 1997, we cannot conclude that appellant was prejudiced by the trial court's consideration of his prior DUI offenses that were beyond the six-year period or his acquittal. Appellant's second and third assignments of error are overruled.
In his fourth assignment of error, appellant alleges that the trial court erred by sentencing him to serve the maximum term of incarceration and pay the maximum fine. Appellant contends that the trial court failed to apply the appropriate sentencing guidelines set forth in R.C. 2929.22.
R.C. 2929.22 governs misdemeanor sentencing and provides in pertinent part:
 (A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
* * *
 (E) The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specifically adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.
 (F) The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents, or will prevent the offender from making restitution or reparation to the victim of the offender's offense.
The trial court must consider the factors set forth in R.C. 2929.22 in imposing sentence for a misdemeanor; failure to do so constitutes an abuse of discretion. Maple Hts. v. Dickard (1986), 31 Ohio App.3d 68,508 N.E.2d 994.
On August 25, 2000, at the appellant's sentencing hearing the trial judge went into a lengthy discussion — approximately fifty pages in the transcript — about the appellant's past drinking and driving history and the possible effects of these actions. After listing all of the appellant's prior DUI offenses, the trial court further determined:
 It's getting serious because he's putting himself and others in jeopardy on the highway. And in this situation there was testimony from two officers who felt that, you know, it could — there could have been an accident if — they were fearful. They were — they testified that they were — one of them said, you know, "Watch out," and this is very disconcerting because Mr. Burke has been on probation with this court minimally two times.
* * *
 * * * this is something you have to deal with and that, yes there are tough times in one's life, plus it isn't a justification for getting behind the wheel of a car on April 1st, 2000 drinking.
In addition, the trial judge discussed the appellant's multiple treatment programs imposed by prior courts and his failure to continue his AA meetings after ending his court-ordered probation.
In regard to the court-imposed fine, there was sufficient evidence presented on the record that the appellant owns several businesses, including a car dealership, from which he obtained the vehicle he was driving during the incident in question. There was further evidence presented that the trial judge imposed this fine in an additional attempt to deter the appellant from continuing to commit this same offense.
A review of the record demonstrates that the trial court applied the appropriate sentencing guidelines by thoroughly considering the factors set forth in R.C. 2929.22. Therefore, we cannot conclude that the trial court abused its discretion by sentencing appellant to serve a term of incarceration and pay a fine. Appellant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., CONCURS. TERRENCE O'DONNELL, J., CONCURS INPART, DISSENTS IN PART (WITH SEPARATE OPINION).