OPINION
{¶ 1} Defendant-appellant Eugene Smith appeals his conviction, sentence and sexual predator classification entered by the Stark County Court of Common Pleas, on two counts of rape and one count of kidnapping, each with repeat violent offender specifications. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} Appellant was indicted on July 30, 2004, on two counts of rape and one count of kidnapping. Each count of the indictment contained repeat violent offender specifications.
 {¶ 3} Appellant filed a motion to dismiss the repeat violent offender specifications. The trial court denied the motion, bifurcated the trial and ordered the State to not address the specifications or appellant's prior conviction, unless appellant chose to testify.
 {¶ 4} On October 18, 2004, the case proceeded to a jury trial. Following the presentation of the evidence, the trial court instructed the jury relative to each of the two counts of rape and one count of kidnapping. Appellant did not object to the instructions. The jury found appellant guilty of all three charges.
 {¶ 5} Following the verdict, the jury heard evidence as to the repeat violent offender specifications. After deliberations, the jury found appellant to be a repeat violent offender.
 {¶ 6} The trial court sentenced appellant to a total of nine years on the three specifications, ten years on count one, nine years on count two and eight years on count three, with each term to run consecutively for an aggregate term of 36 years. Following a HB 180 hearing, the trial court classified appellant a sexual predator.
 {¶ 7} Appellant now appeals, assigning as error:
 {¶ 8} "I. THE TRIAL COURT COMMITTED PLAIN ERROR IN INSTRUCTING THE JURY CONCERNING THE SEPARATE RAPE COUNTS BY FAILING TO IDENTIFY THE SEPARATE ACTS WHICH WOULD CONSTITUTE A CRIME FOR EACH OF THE CHARGES IN THE INDICTMENT.
 {¶ 9} "II. THE APPLICATION OF THE REPEAT VIOLENT OFFENDER STATUTE VIOLATED THE APPELLANT'S CONSTITUTIONAL RIGHTS.
 {¶ 10} "III. THE TRIAL COURT ERRED IN ALLOWING THE JURY TO FIND THE APPELLANT A REPEAT VIOLENT OFFENDER BASED UPON THE APPELLANT'S CONVICTION FOR AGGRAVATED MANSLAUGHTER IN NEW JERSEY.
 {¶ 11} "IV. THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 {¶ 12} "V. THE CONVICTIONS OF THE APPELLANT ON THE UNDERLYING FELONIES WERE AGAINST THE MANIFEST WEIGHT AND THE SUFFICIENCY OF THE EVIDENCE.
 {¶ 13} "VI. THE TRIAL COURT ERRED BY CLASSIFYING APPELLANT AS A SEXUAL PREDATOR WHERE CLEAR AND CONVICING EVIDENCE DID NOT SUPPORT THAT CONCLUSION.
 {¶ 14} "VII. THE TRIAL COURT IMPOSITION OF CONSECUTIVE SENTENCES IS NOT SUPPORTED BY THE RECORD AND IS OTHERWISE CONTRARY TO LAW."
 I {¶ 15} In the first assignment of error, appellant asserts the trial court committed plain error in instructing the jury concerning the separate rape counts by failing to identify the separate acts which would constitute a crime for each of the charges in the indictment.
 {¶ 16} Specifically, appellant argues the alleged victim claimed two separate sexual attacks occurring in the early morning hours of June 6, 2004, an incident in an abandoned truck and an incident in a vacant apartment. Appellant concedes the bill of particulars indicates the relation of each charge to the alleged evidence, but maintains the jury was never instructed the first count related to the truck attack and the second count related to the attack in the vacant apartment. Further, appellant argues the jury was never informed if the rape charges simply concerned two different modes of rape during one incident, as compared to two separate incidents. Accordingly, appellant maintains the trial court could not correctly sentence appellant, because it could not ascertain what facts the jury considered in finding appellant guilty.
 {¶ 17} As appellant failed to object to the trial court's jury instructions, our review is limited to plain error. Plain error occurs when, but for the error, the outcome of the trial clearly would have been otherwise. State v. Long (1978), 53 Ohio St.2d 91, 96-97. The Ohio Supreme Court has held that "[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." State v. Long
(1978), 53 Ohio St.2d 91.
 {¶ 18} Upon review of the record, in closing arguments, the State indicated to the jury count one related to the incident in the truck and count two related to the vacant apartment.[2] Further, in returning their verdict, the jury specifically found each element of the offense was proven by reasonable doubt. Accordingly, appellant has not demonstrated the outcome of the trial would have been otherwise but for the trial court's alleged error.
 {¶ 19} Appellant's first assignment of error is overruled.
 II and III {¶ 20} Appellant's second and third assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 21} Appellant maintains the application of the repeat violent offender statute violated his constitutional rights; therefore, his additional sentence should be vacated.
 {¶ 22} The Ohio Revised Code defines a repeat violent offender as:
 {¶ 23} "(DD) `Repeat violent offender' means a person about whom both of the following apply:
 {¶ 24} "(1) The person has been convicted of or has pleaded guilty to, and is being sentenced for committing, for complicity in committing, or for an attempt to commit, aggravated murder, murder, involuntary manslaughter, a felony of the first degree other than one set forth in Chapter 2925. of the Revised Code, a felony of the first degree set forth in Chapter 2925. of the Revised Code that involved an attempt to cause serious physical harm to a person or that resulted in serious physical harm to a person, or a felony of the second degree that involved an attempt to cause serious physical harm to a person or that resulted in serious physical harm to a person.
 {¶ 25} "(2) Either of the following applies:
 {¶ 26} "(a) The person previously was convicted of or pleaded guilty to, and previously served or, at the time of the offense was serving, a prison term for, any of the following:
 {¶ 27} "(i) Aggravated murder, murder, involuntary manslaughter, rape, felonious sexual penetration as it existed under section 2907.12 of the Revised Code prior to September 3, 1996, a felony of the first or second degree that resulted in the death of a person or in physical harm to a person, or complicity in or an attempt to commit any of those offenses;
 {¶ 28} "(ii) An offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to an offense listed under division (DD)(2)(a)(i) of this section and that resulted in the death of a person or in physical harm to a person.
 {¶ 29} * * *"
 {¶ 30} Section 2929.14 sets forth the penalty enhancement based upon the specification,
 {¶ 31} "(2)(a) If an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender, the court shall impose a prison term from the range of terms authorized for the offense under division (A) of this section that may be the longest term in the range and that shall not be reduced pursuant to section 2929.20, section 2967.193, or any other provision of Chapter 2967 or Chapter 5120 of the Revised Code. If the court finds that the repeat violent offender, in committing the offense, caused any physical harm that carried a substantial risk of death to a person or that involved substantial permanent incapacity or substantial permanent disfigurement of a person, the court shall impose the longest prison term from the range of terms authorized for the offense under division (A) of this section."
 {¶ 32} Appellant asserts the ex post facto clause applies in the case sub judice as the repeat violent offender statute was recently enacted, and well after his out-of-state convictions. Appellant maintains the statute impermissibly increases the punishment for crimes appellant was convicted of based upon a prior conviction from another state at a time when the statute was not yet in effect. We disagree.
 {¶ 33} The enhanced penalty provisions found in R.C. 2929.14(D)(2)(b) do not violate the Ex Post Facto Clause. "R.C. 2929.14(D)(2)(b) merely increases the severity of the punishment imposed for appellant's current offense based upon his past convictions and does not constitute an expost facto law." State v. Sargent (1998), 126 Ohio App.3d 557. The enhancement provisions do not punish past conduct, but merely increase the severity of a penalty imposed for criminal behavior occurring after the passage of the enhancement legislation. Thus, the appellant's additional prison terms were not additional punishment for his prior conviction, but an enhancement of the penalty for his most recent crimes. Therefore, appellant's enhanced sentence under R.C. 2929.14 does not violate the ex post facto law.
 {¶ 34} Appellant further argues New Jersey's aggravated manslaughter statute is not substantially equivalent to a relevant Ohio crime, which would permit a finding of a repeat violent offender specification; therefore, the specification should be dismissed.
 {¶ 35} Again, Section 2929.01(DD) defines a repeat violent offender. In 1986, appellant was convicted under New Jersey law of aggravated manslaughter pursuant to NJSA 2C:11-4a, a felony of the first degree for the strangling and beating death of Alexis Green.[3] NJSA 2C: 11-4a requires the state show only appellant caused a death recklessly and under circumstances manifesting extreme indifference to human life.
 {¶ 36} The statute reads:
 {¶ 37} "a. Criminal homicide constitutes aggravated manslaughter when:
 {¶ 38} "(1) The actor recklessly causes death under circumstances manifesting extreme indifference to human life; or
 {¶ 39} * * *
 {¶ 40} "c. Aggravated manslaughter under paragraph (1) of subsection a. of this section is a crime of the first degree and upon conviction thereof a person may, notwithstanding the provisions of paragraph (1) of subsection a. of N.J.S.2C:43-6, be sentenced to an ordinary term of imprisonment between 10 and 30 years. Aggravated manslaughter under paragraph (2) of subsection a. of this section is a crime of the first degree. Manslaughter is a crime of the second degree."
 {¶ 41} Appellant argues such proof would amount only to reckless homicide, not involuntary manslaughter, which requires a finding the offender committed a felony or misdemeanor in the process of causing death, pursuant to R.C. 2903.04. We disagree.
 {¶ 42} Upon review appellant's offense falls within the statutory definition of a prior conviction qualifying as an offense under the laws of another state that is or was substantially equivalent to an offense listed in R.C. 2929.01(D)(D)(2)(a)(i). Pursuant to the statute, appellant was convicted of a felony of the first degree resulting in the death or physical harm to a person and carrying a prison term of between 10 and 30 years. Further, appellant failed to object to the trial court's jury instructions; therefore, he has waived all but plain error, and appellant has not demonstrated any alleged deficiency which would have caused a different trial result or created a manifest miscarriage of justice.
 {¶ 43} Appellant's second and third assignments of error are overruled.
 IV {¶ 44} In the fourth assignment of error, appellant maintains he was denied his constitutional right to the effective assistance of trial counsel. Specifically, appellant argues his trial counsel's failure to object to the jury instructions during both phases of the trial and his failure to object to the introduction of appellant's New Jersey conviction exposed appellant to convictions more serious than he should have faced.
 {¶ 45} Appellant argues trial counsel's failure to request more specific jury instructions during the guilt phase of the trial led to confusion as to what facts the jury was finding in its verdicts, and during the penalty phase prevented appellant from avoiding additional time as a repeat violent offender.
 {¶ 46} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 47} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, supra at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, there is a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 48} In order to warrant a reversal, appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995), 72 Ohio St.3d 545, 558 (citing Lockhartv. Fretwell (1993), 506 U.S. 364, 370, 113 S.Ct. 838, 122 L.Ed.2d 180). Further, both the United States Supreme Court and the Ohio Supreme Court have held that a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley, supra. at 143 (quoting Strickland, supra. at 697).
 {¶ 49} Based upon our disposition of appellant's first, second and third assignments of error, we find appellant has not demonstrated prejudice from the alleged defective representation. Accordingly, appellant's fourth assignment of error is overruled.
 V {¶ 50} In the fifth assignment of error, appellant asserts his convictions on the underlying felonies were against the manifest weight and sufficiency of the evidence.
 {¶ 51} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 52} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 53} Specifically, appellant maintains the victim's allegations lacked sufficient credibility upon which a jury could reasonably rely to convict appellant. The victim alleges appellant kidnapped and raped her at knife point at two separate locations, once in a truck and again at a vacant apartment. At trial, the victim admitted to having friends who sell cocaine, but denied using the drug herself. Appellant maintains the sexual encounters were consensual, and both he and the alleged victim were drug involved at the time.
 {¶ 54} As stated above, the jury is in a better position to observe the witnesses' demeanor and weigh their credibility, and we will not substitute our judgment on appeal. The evidence at trial established appellant grabbed the victim, put a knife to her neck, threatened to kill her and forced her to go to the parked truck. Inside the truck, he forced her to engage in fellatio. Two and one-half hours later and again at knife point, he forced her into an abandoned house and forced her to again perform fellatio before letting her go. Therefore, upon review of the record, we find there was sufficient, competent and credible evidence to prove appellant's guilt beyond a reasonable doubt under the totality of the circumstances.
 {¶ 55} Appellant's fifth assignment of error is overruled.
 VI {¶ 56} Appellant's sixth assignment of error maintains the trial court erred in classifying him a sexual predator where clear and convincing evidence did not support the conclusion.
 {¶ 57} R.C. 2950.09(B)(3) sets forth the factors for the trial court to consider in determining whether to classify an offender as a sexual predator:
 {¶ 58} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, butnot limited to, all of the following:
 {¶ 59} "(a) The offender's or delinquent child's age;
 {¶ 60} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 61} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 62} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 63} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 64} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 65} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 66} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 67} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 68} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct." (Emphasis added.)
 {¶ 69} At the October 27, 2004 H.B. 180 hearing, the trial court found:
 {¶ 70} "The Court has heard the testimony with regard — and the arguments relative to the sexual predator hearing and the — this is a sexually oriented offense obviously with two counts of rape. The Court having heard the testimony at the time of the trial, uh, finds that — and, and the arguments of counsel relative to the prior record of this Defendant which involves offenses involving sexual conduct and violent offenses that this is a case that is — presents more than a likelihood that this Defendant would reoffend and commit an additional sexual offense but there is a certainty of it given his prior history.
 {¶ 71} "Uh, because of the age, 46 is, is in essence a neutral factor. Uh, the prior criminal record is the thing that is — stands out and — including sexual offenses.
 {¶ 72} "The age of the victim is, is, is, while younger, uh, is not a factor that this Court is finding.
 {¶ 73} "Uh, this did not involve multiple victims but multiple victimization of the same victim in two separate occasions involving a kidnapping and keeping her for a period of time against her will. Uh, obviously there was testimony with regard to forceful use of crack cocaine.
 {¶ 74} "And this Court recognizes that he is not really readily available to participate in available sexual offender programs.
 {¶ 75} "I find no testimony relative to mental illness or disability.
 {¶ 76} "The very — and very critical is the nature of the sexual activity. There was attempted vaginal and anal rape.
 {¶ 77} "The fact of the matter is it's the period of time, the nature of the conduct, the two separate offenses does demonstrate a pattern of abuse.
 {¶ 78} "Obviously cruelty was displayed given the period of time involved, the weapon involved, uh, the use of rope to tie up the victim and just the general reflections of this Defendant and even when found guilty blaming the victim and further besmirching the victim all when these are put together it is more than clear and convincing, it's absolute that this Defendant is a sexual predator and is so designated."
 {¶ 79} Tr. at 10-12.
 {¶ 80} Pursuant to R.C. 2950.09(B)(3), paragraphs (a) through (i), and (j), the catch-all provision, the trial court may consider any behavioral characteristic contributing to the offender's conduct. The trial court specifically cited appellant's criminal history, including convictions for possession of cocaine, possession of heroin, assault, rape, aggravated manslaughter and kidnapping. Further, the trial court found, although appellant did not rape multiple victims in this case, he victimized the same victim multiple times; therefore, the trial court found a pattern of abuse. We find there was clear and convincing evidence to support the trial court's classifying appellant a sexual predator.
 {¶ 81} The sixth assignment of error is overruled.
 VII {¶ 82} Appellant's seventh assignment of error asserts the trial court's imposition of consecutive sentences is not supported by the record and is otherwise contrary to law.
 {¶ 83} Appellant admits the trial court made the requisite minimal finding in its sentencing entry pursuant to the sentencing statute, but maintains this Court must review the sentence because of its maximum and consecutive nature.
 {¶ 84} At the sentencing hearing on October 18, 2004, the trial court set forth its findings with regard to the imposition of appellant's sentence:
 {¶ 85} "This is a situation where there is a seizure of an individual, a removal of that individual to a vacant truck, and thereafter a removal of that person from the truck and for some period of time and some distance taken against her will to an abandoned building.
 {¶ 86} "There is clearly a time and distance separation. There is clearly in this particular case a separate animus with regard to each of the three offenses. So the merger doctrine does not apply.
 {¶ 87} "So then the Court must look at the qualifications under Ohio law for consecutive sentences to see whether or not the criteria have been met in this case.
 {¶ 88} "If ever they have been met, they have been met in this particular case in that the extensive prior record — not just the prior record of misdemeanors and low level felonies, but of most serious heinous offenses have been committed by this offender in the past. So clearly he is a good example as a danger to society that comes before this Court.
 {¶ 89} "So to give consecutive sentences, it is necessary to punish the offender, and certainly they would not be disproportionate to the seriousness of his conduct and to the danger he poses to the public.
 {¶ 90} "This is a situation where it was an extended period of time. There were two separate rapes. There was a period of time where she was held against her will. She was tied up.
 {¶ 91} "All the underlying circumstances cry out for more than one sentence in this particular case.
 {¶ 92} "The harm caused by the multiple offenses is so great and no single prison term for any one of the offenses would adequately protect the public.
 {¶ 93} "That's obvious from the prior record of this Defendant and the fact that serving the time he has served has not changed his criminal ways.
 {¶ 94} "So consecutive sentences are called for to adequately protect the public from future crime which would certainly occur if this Defendant is removed any time soon from the prison system.
 {¶ 95} "With regard to the two counts of rape, this Court is going to impose the sentence of 9 years with regard to each of those two counts.
 {¶ 96} "With regard to the kidnapping, a sentence of 8 years.
 {¶ 97} "Those sentences are going to be served consecutive to each other for the reasons I previously stated.
 {¶ 98} "With regard to the repeat violent offender, while there are separate specifications, I am going to impose the sentence of 10 years on each; but I'm going to run those together in this particular case and add the 10 years to the three sentences previously imposed."
 {¶ 99} "* * *
 {¶ 100} "With regard to the sentencing, just so that the record is complete on that, with regard to the first count of rape, rather than 9 years the Court is going to impose a sentence of 10 years which I recognize is the maximum for that sentence.
 {¶ 101} "That's because of the reasons I previously gave, that it is the worst form of the offense of rape and that he, of course, as I have indicated poses the greatest likelihood of committing future crimes. So the 10 years will be imposed for the first count, 9 years for the second count of rape, and 8 years for the kidnapping to run consecutively.
 {¶ 102} "With regard to the repeat violent offender, that will be a sentence of 9 years to make the total number of years what I previously stated, again giving the Defendant credit for time served to date.
 {¶ 103} "That would be with regard to that would be 9 years with regard to each of the specifications, but they are going to be served at the same time. They are merged in essence for sentencing purposes."
 {¶ 104} Tr. at 623-628.
 {¶ 105} Upon review, the trial court specifically found consecutive sentences were necessary to protect the public from future crime. R.C.2929.14(D)(2)(b) permits the trial court to impose an additional prison term of up to ten years upon a repeat violent offender specification. The jury convicted appellant of three repeat violent offender specifications, and the trial court merged the specifications sentencing appellant to an additional ten year prison term. The sentence did not exceed the maximum which the statute permits; therefore, appellant's sentence was authorized by law.
 {¶ 106} Appellant's seventh assignment of error is overruled.
 {¶ 107} Based upon the foregoing, appellant's conviction, sentence and classification as a sexual predator in the Stark County Court of Common Pleas are affirmed.
Hoffman, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment from the Stark County Common Pleas Court is affirmed. Costs assessed to appellant.
[1] The relevant facts will be discussed within our analysis of appellant's assignments of error.
[2] Tr. at 484.
[3] Tr. at 560-561.