[Cite as *State v. Wynn*, 2012-Ohio-3430.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :      JUDGES:
                                       :
                                       :      Hon. Patricia A. Delaney, P.J.
            Plaintiff-Appellee         :      Hon. William B. Hoffman, J.
                                       :      Hon. Julie A. Edwards, J.
-vs-                                   :
                                       :      Case No. 2011CA00244
LAMARS C. WYNN                         :
                                       :
                                       :
            Defendant-Appellant        :      O P I N I O N



CHARACTER OF PROCEEDING:            Appeal from the Stark County Court of
                                    Common Pleas, Case No. 2011CR0749(A)



JUDGMENT:                           AFFIRMED



DATE OF JUDGMENT ENTRY:             July 16, 2012



APPEARANCES:

For Appellant:                          For Appellee:

BERNARD L. HUNT                         JOHN D. FERRERO, JR.
2395 McGinty Rd. NW                     STARK COUNTY PROSECUTOR
North Canton, OH 44720                  KATHLEEN O. TATARSKY
                                        110 Central Plaza South, Ste. 510
                                        Canton, OH 44702-1413

*Delaney, J.*

{¶1} Appellant Lamars C. Wynn appeals from the October 5, 2011 judgment entry of the Stark County Court of Common Pleas convicting him of one count of felonious assault with a repeat violent offender specification and sentencing him to an aggregate prison term of 18 years. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} This case arose on May 20, 2011 when Ralph Davison, a 54-year-old welder, went to the Hall of Fame Fuel Mart at 704 Sherrick Road S.E., Canton, to buy a drink.

{¶3} Already inside the store were appellant and his cousin, Curt Anderson. Appellant and Anderson had been drinking and smoking marijuana, and had just hassled another customer inside the store. Now, they turned their attention to Davison.

{¶4} Cameras inside the store captured images of appellant and Anderson in Davison's face, with Davison bent backward over the counter. Anderson pulled a knife, and at some point Davison was stabbed. Appellant and Anderson punched Davison repeatedly, eventually taking him to the floor.

{¶5} The three were struggling on the floor as David Johnson, friend of appellant and Anderson, entered the store to see what was going on. Johnson entered the melee.

{¶6} Appellant, Johnson, and Anderson hit, kicked, and stomped Davison with striking brutality even as customers and employees of the store went about their

business. At one point appellant, Johnson, and Anderson left the store, only to return and continue the assault on Davison.

{¶7} A clerk inside the store called the police. Another clerk yelled at the group that the police were on their way. Appellant, Anderson, and Johnson drove off before police arrived.

{¶8} Upon arrival, police found Davison unconscious on the floor in a pool of blood, with his sport coat pulled over his head. Police also discovered a knife lying on the sidewalk outside the store. They later learned this was Davison's knife, which Johnson picked up in the aftermath of the attack, wiped clean, and threw down outside the store.

{¶9} Davison experienced severe head trauma and a stab wound 3 to 5 inches deep over his right hip; he was hospitalized for a month. His injuries required extensive rehabilitation, and he still walked with a cane at the time of trial. His balance and memory are still affected. Davison has no memory of the assault.

{¶10} Investigators reviewed the video surveillance in the store the night of the assault. Two store clerks recognized the three assailants as regular customers in the store, although only one was identified by name: "Country." "Country" was known to Canton police as appellant. Appellant, Anderson, and Johnson were identified in photo line-ups within days of the assault.

{¶11} All three assailants were charged by indictment with felonious assault pursuant to R.C. 2903.11(A)(1) and/or (A)(2), a felony of the second degree. All three

indictments included repeat violent offender (RVO) specifications pursuant to R.C. 2941.149.[1]

{¶12} Appellant entered a plea of not guilty. Prior to trial, appellant moved to bifurcate the felonious assault count from the RVO specification, and objected to the RVO specification on the basis that he was not informed of the underlying conviction that he might someday face an enhanced penalty. The trial court granted the motion to bifurcate and overruled the objection to the RVO specification.

{¶13} Appellant was found guilty as charged, as were Johnson and Anderson. Following the verdict, the trial court held a hearing on the RVO specifications. The trial court found the specifications applied to all three co-defendants. Appellant was sentenced to a prison term of 8 years on the count of felonious assault, consecutive to 10 years on the RVO specification. The trial court also imposed 724 days for appellant's violation of terms of postrelease control.

{¶14} Appellant now appeals from the judgment entry of conviction and sentence.

{¶15} Appellant raises three Assignments of Error:

{¶16} "I. THE APPELLANT'S OHIO AND UNITED STATES CONSTITUTIONAL DUE PROCESS AND EQUAL PROTECTION RIGHTS WERE VIOLATED WHEN THE TRIAL COURT ENHANCED A PAST CONVICTION AND SENTENCE IN AN UNFORSEEABLE AND RETROACTIVE JUDICIAL EXPANSION OF A CRIMINAL STATUTE."

---

[1] Appellant was also charged by indictment with one count of failure to comply, which was ultimately dismissed by appellee and is not at issue in this appeal.

{¶17} "II.     THE  APPELLANT'S  OHIO  AND  UNITED  STATES CONSTITUTIONAL DUE PROCESS SENTENCING RIGHTS WERE FORECLOSED WHEN THE TRIAL COURT ENHANCED A PREVIOUS SENTENCE WHICH ACTED AS AN EX POST FACTO VIOLATION."

{¶18} "III.   THE APPELLANT'S UNITED STATES CONSITUTIONAL SIXTH AMENDMENT RIGHT TO CONFRONT WITNESSES AGAINST HIM WERE (*sic*) VIOLATED WHEN THE TRIAL COURT ADMITTED A CRIME SCENE VIDEO BY A STORE CLERK."

I., II.

{¶19} Appellant's first and second assignments of error address the constitutionality of the RVO specification as applied to appellant and will therefore will considered together.   Appellant argues that imposition of the RVO specification essentially acts as an unconstitutional expansion of appellant's criminal sentence. We disagree.

*RVO Specification:  Indictment and Objection*

{¶20} Appellant is a repeat violent offender pursuant to R.C. 2929.01(CC) because he was sentenced for committing a felony of the second degree that is an offense of violence, and he was previously convicted of or pleaded guilty to such an offense.  Specifically, appellant was convicted of felonious assault in this case, and has a 2006 counseled conviction for felonious assault against an ex-girlfriend. Appellee complied with R.C. 2941.149, which requires that the RVO specification must be contained in the indictment, and there is no indication in the record that the

prosecuting attorney did not give appellant notice of intention to use a certified copy of the judgment of conviction as proof of the prior conviction.

{¶21} Appellant did object to the RVO specification prior to trial on the basis of due process:

> Now comes the Defendant, by and through counsel, and respectfully requests objects (*sic*) to the Repeat Violent Offender Specification contained in the indictment. The Defendant objects on the grounds that the Defendant was never informed of the possibility of a specification when he entered his plea on Case No. 2006 CR 0835. The Defendant was basically pleading to an offense that has an enhancement attached to it in the future. In any other crime that carries an enhancement in the future for a violation of the same type of crime, the Defendant is informed in writing of the future ramifications of this type of conduct.

The trial court overruled the objection.

*Due Process and Equal Protection*

{¶22} On appeal, Appellant renews his argument that he was denied due process because he did not have adequate warning when he was sentenced on his 2006 offense that someday his conviction might result in an enhanced sentence by means of an RVO specification. (Appellant cites equal protection but makes no specific equal protection argument.)

{¶23} Appellee presented evidence of appellant's 2006 conviction for one count of felonious assault. Appellant now contends that his rights to due process and

equal protection have been violated because at the time he pled in 2006, he was not made aware that the conviction might be used to enhance a future criminal sentence.

{¶24} As an initial matter, appellant does not allege his prior conviction was obtained in violation of his Sixth Amendment right to counsel. The Ohio Supreme Court has held that an uncounseled conviction, obtained without a valid waiver of the Sixth Amendment right to counsel, is constitutionally infirm if the result was a sentence of incarceration. *State v. Brooke*, 113 Ohio St.3d 99, 2007-Ohio-1533, 863 N.E.2d 1024, at ¶9, citing *State v. Brandon*, 45 Ohio St.3d 85, 86, 543 N.E.2d 501 (1989); *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). "An uncounseled conviction cannot be used to enhance the penalty for a later conviction if the earlier conviction resulted in a sentence of confinement." *Brooke*, 113 Ohio St.3d 199, at ¶ 12.

{¶25} When a defendant does question the use of a prior uncounseled conviction in an earlier case, the burden is on the defendant to make a prima-facie showing of constitutional infirmity, which the state may rebut by establishing defendant's right to counsel was validly waived. *Brooke*, supra, 113 Ohio St.3d 199, at ¶ 11.

{¶26} In the instant case, appellant asks us to extend these protections to an unwarranted degree. Appellant has not presented any authority for his underlying assertion that a prior, *counseled c*onviction may not be used to enhance the penalty of a later criminal offense, and we find no constitutional infirmity.

{¶27} The United States Supreme Court has noted:

As a general proposition, a sentencing judge "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct.589, 30 L.Ed.2d 592 (1972). "Traditionally, sentencing judges have considered a wide variety of factors in addition to evidence bearing on guilt in determining what sentence to impose on a convicted defendant." *Wisconsin v. Mitchell*, 508 U.S. 476, 485, 113 S.Ct. 2194, 124 L.Ed.2d 436 (1993). One such important factor, as recognized by state recidivism statutes and the criminal history component of the [federal] Sentencing Guidelines, is a defendant's prior convictions. Sentencing courts have not only taken into consideration a defendant's prior convictions, but have also considered a defendant's past criminal behavior, even if no conviction resulted from that behavior. We have upheld the constitutionality of considering such previous conduct in *Williams v. New York*, 337 U.S. 241, 69 S.Ct.1079, 93 L.Ed. 1337 (1949). * * *.

*Nichols v. U.S.*, 511 U.S. 738, 747, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994).

The *Nichols* Court further declined to accept the defendant's assertion, similar to appellant's argument here, that due process requires any kind of "warning" to defendants entering a no-contest plea or upon conviction that the conviction might later be used for enhancement purposes upon commission of a future crime. *Id.*

{¶28} Our colleagues on the Fourth District Court of Appeals in *State v. Southers*, 4th Dist. No. 99 CA 10, 1988 WL 125024 (November 23, 1988) rejected an argument similar to appellant's most succinctly, and we adopt their rationale:

"There appears to be no duty in Ohio to inform a defendant pleading guilty of the possible enhancement of sentences resulting from future crimes, nor can this court see why there should be such a duty. A trial court judge should not be required to anticipate recidivist behavior by a defendant who enters a guilty plea in that court. To be sure, a defendant is entitled to be advised of the effect of his guilty plea so that it can be shown that the plea was knowingly and voluntarily made. But it begs the question to argue that a defendant who pleads guilty would not be aware that if he gets convicted of the same offense again it is going to go harder on him the second time around." *Id.*

{¶29} In addition, it appears appellant's attempt to collaterally attack his prior conviction is barred by res judicata. The doctrine of res judicata provides that a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Lewis,* 11th Dist. No. 2009-L-138, 2010-Ohio-4288, ¶ 30, (citations omitted). See also, *Custis v. U.S.,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994)(with sole exception of convictions obtained in violation of right of counsel, defendant may not collaterally attack validity of prior final convictions used to enhance sentence under federal law).

*Ex Post Facto*

{¶30} In his second assignment of error, appellant argues the RVO specification violates the ex post facto prohibition. We disagree.

{¶31} The ex post facto clause prohibits the states from passing laws that inflict punishment upon a person for an act which was innocent when it was committed, aggravate a crime or make it greater than when it was committed, or change the punishment or inflict a greater punishment than was provided when the crime was committed. Section 10, Article I, United States Constitution; Section 28, Article II, Ohio Constitution.

{¶32} We have previously determined the RVO specification does not violate the ex post facto clause. *State v. Smith,* 5th Dist. No. 2004CA00362, 2005-Ohio-6066, ¶ 33. In *State v. Sargent*, 126 Ohio App.3d 557, 567, 710 N.E.2d 1170 (12th Dist.1998), the Twelfth District Court of Appeals concluded: "Furthermore, [the RVO specification] merely increases the severity of the punishment imposed for appellant's current offense based upon his past conviction[] and does not constitute an *ex post facto* law. See *In re Allen*, 91 Ohio St. 315, 323-324, 110 N.E. 535 (1915). "All convicted felons face the possibility that their past acts will have future consequences." *State ex rel. Matz v. Brown*, 37 Ohio St.3d 279, 282, 525 N.E.2d 805 (1988). See also *State v. Adkins*, 129 Ohio St.3d 287, 2011-Ohio-3141, ¶ 18 (defendant had notice of increase in punishment as criminal-enhancement statute was effective long before defendant committed the current offense).

{¶33} Ohio's RVO specification has passed constitutional muster in other respects. The Ohio Supreme Court has held the RVO specification does not violate the Sixth Amendment right to trial by jury. *State v. Hunter*, 123 Ohio St.3d 164, 2009-Ohio-4147, 915 N.E.2d 292, cert.denied, 130 S.Ct. 1888, 176 L.Ed.2d 372 (2010).

{¶34} The RVO specification as applied to appellant is constitutional. Appellant's first and second assignments of error are overruled.

III.

{¶35} In his third assignment of error, appellant alleges that the State's showing of the videotape violates his Sixth Amendment right of confrontation and his Fourteenth Amendment right to due process; in short, appellant alleges a *Crawford* violation. We disagree, and note that counsel objected to admission of the videotape on authenticity grounds, not on constitutional grounds. We therefore review this argument under the plain error standard of review.

{¶36} Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The rule places several limitations on a reviewing court's determination to correct an error despite the absence of timely objection at trial: (1) "there must be an error, i.e., a deviation from a legal rule," (2) "the error must be plain," that is, an error that constitutes "an 'obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights" such that "the trial court's error must have affected the outcome of the trial." *State v. Dunn*, 5th Dist. No. 2008-CA-00137, 2009-Ohio-1688, citing *State v. Morales*, 10 Dist. Nos. 03-AP-318, 03-AP-319, 2004-Ohio-3391, at ¶ 19 (citation omitted). The decision to correct a plain error is discretionary and should be

made "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Barnes*, supra, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶37} Appellant contends that the videotape constitutes inadmissible hearsay and its admission violates the confrontation clause, per *Crawford v. Washington*, because appellant was unable to cross-examine as to its contents. 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). As appellee points out, however, the video from the Hall of Fame Fuel Mart is nontestimonial and therefore not subject to the Confrontation Clause. *Id.*, 541 U.S. at 68.

{¶38} Pursuant to our review for plain error, therefore, there has been no deviation from a legal rule constituting a defect in the proceedings that affected appellant's substantial rights.

{¶39} Because appellant intertwines his Confrontation Clause argument with some discussion of the videotape's authenticity, an issue which was preserved at trial, we further note the admission of videotape evidence is a matter of discretion for the trial court. *Reinoehl v. Trinity Universal Ins. Co.*, 130 Ohio App.3d 186, 195, 719 N.E.2d 1000 (10th Dist.1998). A video is admissible if it is relevant and is properly authenticated. *State v. Mills*, 5th Dist. No. 2007 AP 0039, 2009-Ohio-1849, ¶ 59, citing *State v. Hill*, 12 Ohio St.2d 88, 90, 232 N.E.2d 394 (1967); *Cincinnati, Hamilton, & Dayton Ry. Co. v. DeOnzo*, 87 Ohio St. 109, 100 N.E. 320 (1912); *Ohio Power Co. v. Diller*, 18 Ohio App.2d 167, 247 N.E.2d 774 (3rd Dist.1969). Pursuant to Evid.R. 901, authentication is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Any person with knowledge may

authenticate a photograph or videotape by testifying that it fairly and accurately depicts the subject at the time the photographs or videotape were taken. *State v. Mills*, supra, 2009-Ohio-1849 at ¶ 59, citing *State v. Hannah*, 54 Ohio St.2d 84, 88, 374 N.E.2d 1359 (1978).

{¶40} In this case, the original digital footage of the assault was captured on the hard drive of the computer located at the Hall of Fame Fuel Mart. Michael Thiel, a computer technician, pulled the relevant files from the hard drive and copied them onto a "thumb drive." Thiel was not a witness to the assault and was brought into the store to copy the video three days after the event. He did not view the video that he copied; he merely pulled the appropriate dates and put them onto the portable drive. Scott Prince of the Canton Police Department then made a "working copy" of the video in an easily viewable format: he added titles and slowed down the footage, but testified the images were not altered.

{¶41} More importantly for our review, Prince viewed the original footage at the Hall of Fame Fuel Mart on the night of the assault, and testified the images on his edited version matched the original on the store's hard drive, and the computer images overall matched the appearance of the scene the night of the assault. Terry George of the Canton Police Department, lead investigator in this case, also testified he saw the original footage at the store and compared Prince's edited footage, which was a fair and accurate representation of the original footage and the scene itself.

{¶42} We conclude the trial court did not abuse its discretion in admitting the videotape, and the presentation of the videotape did not violate appellant's right of confrontation.

{¶43} Appellant's third assignment of error is overruled.

**CONCLUSION**

{¶44} Having overruled appellant's three assignments of error, we affirm the judgment of the Stark County Court of Common Pleas.

By: Delaney, P.J.

Hoffman, J. and

Edwards, J. concur.

 

 

_____

HON. PATRICIA A. DELANEY

 

_____

HON. WILLIAM B. HOFFMAN

 

_____

HON. JULIE A. EDWARDS

[Cite as *State v. Wynn*, 2012-Ohio-3430.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LAMARS C. WYNN | : | |
| | : | |
| | : | Case No. 2011CA00244 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JULIE A. EDWARDS