[Cite as *State v. Richmond*, 2014-Ohio-4842.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101215**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DEMETRIUS RICHMOND**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-540291

**BEFORE:** Kilbane, J., E.A. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED**: October 30, 2014

**ATTORNEY FOR APPELLANT**

Paul A. Mancino
Mancino Mancino & Mancino
75 Public Square Building
Suite 1016
Cleveland, Ohio 44113-2098

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Daniel T. Van
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Demetrius Richmond, appeals from the sentence imposed at his second resentencing hearing held in connection with his convictions for offenses related to the physical and sexual abuse of his girlfriend's son that began when the child was 11 years old, over a period of several years. The underlying facts of this case are detailed in *Richmond I*. For the reasons set forth below, we affirm.

{¶2} On July 30, 2010, in an 11-count indictment, defendant was charged with raping the child, felonious assault for breaking the child's arm, domestic violence, multiple counts of endangering children, and kidnapping, all with various specifications, including repeat violent offender ("RVO") specifications, sexually violent predator specifications, and sexual motivation specifications. The charges proceeded to a jury trial on November 8, 2010, and the specifications were tried to the court. Defendant was found guilty of all counts, and the trial court sentenced him to an aggregate term of 28 years in prison. On direct appeal, defendant raised 14 assignments of error challenging his sentence, convictions, and various trial issues. On December 15, 2011, this court affirmed the convictions, but remanded the case for resentencing on the issue of allied offenses. *State v. Richmond*, 8th Dist. Cuyahoga No. 96155, 2011-Ohio-6450, ¶ 103 ("*Richmond I*").

{¶3} While the appeal was pending, defendant sought postconviction relief, which was denied on November 1, 2011. The denial of postconviction relief was affirmed in *State v. Richmond*, 8th Dist. Cuyahoga No. 97616, 2012-Ohio-2511 ("*Richmond II*").

{¶4} On August 1, 2012, a hearing was held on the remand ordered in *Richmond I*. The state set forth its merger elections, and the trial court sentenced the defendant to eight years for felonious assault (Count 1), plus an additional ten years for the accompanying RVO

specification; a consecutive ten-year sentence for rape (Count 8); and a concurrent five-year sentence for endangering children (Count 7). The court again imposed an aggregate term of 28 years in prison, included mandatory five years of postrelease control, imposed court costs, and classified Richmond as a Tier III sex offender.

{¶5} In September 2012, Richmond appealed to this court following the resentencing hearing. He challenged the imposition of consecutive sentences, challenged the imposition of a maximum sentence for felonious assault, the denial of jail-time credit, and the imposition of costs. This court concluded that the trial court erred in imposing the sentence on the RVO specification because it failed to address the finding requirements of R.C. 2929.14(B)(2)(a)(iv) and (v). This court reversed and remanded for a resentencing hearing on the RVO specification only, and affirmed the remainder of the case. *State v. Richmond*, 8th Dist. Cuyahoga No. 98915, 2013-Ohio-2333 (*"Richmond III"*). The state argued on reconsideration of *Richmond III* that it is unconstitutional to require "findings" in support of a sentence on the RVO specification. This court concluded that the state's argument had not been preserved in the record, but it issued a new opinion on reconsideration to provide further clarity on the issue of the findings. *State v. Richmond*, 8th Dist. Cuyahoga No. 98915, 2013-Ohio-2887 (*"Richmond IV"*). The matter was remanded for resentencing on the RVO specification on July 3, 2013.

{¶6} On March 5, 2014, the trial court held a resentencing hearing on the RVO specification. The state and defense advocated their positions to the court, and the court noted that the defendant had been convicted of offenses of violence and had previous convictions for sexual battery, burglary, and felonious assault. The court determined that the defendant has a high rate of recidivism, and that the basic term imposed for felonious assault was inadequate to punish defendant and to protect the public. The court also concluded that the basic term would

demean the seriousness of the offenses, which included the rape and felonious assault of a juvenile. The court concluded that it would not impose a sentence of life imprisonment without parole, and imposed a ten-year term on the RVO specification, for a total of 28 years of imprisonment on the convictions.

{¶7} The defendant again appeals and assigns the following nine errors for our review:

### Assignment of Error One

Defendant was unconstitutionally subjected to multiple punishments for the same offense.

### Assignment of Error Two

Defendant was unconstitutionally sentenced to an additional period of ten years by reason of the ex post facto application of a prior conviction.

### Assignment of Error Three

Defendant was denied due process of law when the court overruled his motion to dismiss the repeat violent offender specification.

### Assignment of Error Four

Defendant was denied due process of law when he was sentenced to a maximum consecutive sentence of ten years as a repeat violent offender based on flawed and incomplete findings.

### Assignment of Error Five

Defendant was denied his constitutional rights when the court amended the indictment in pronouncing sentence on the repeat violent offender specification.

### Assignment of Error Six

Defendant was denied due process of law when the court relied upon un-alleged offenses in declaring defendant to be a repeat violent offender.

Assignment of Error Seven

Defendant was denied due process of law when the court erroneously relied upon its flawed recollection of prior events in this case in imposing an additional sentence of a repeat violent offender.

Assignment of Error Eight

Defendant was denied due process of law when the court, in its pronouncement of sentence, orally waived court costs but imposed court costs in its judgment entry.

Assignment of Error Nine

Defendant was denied due process of law when the court, at the re-sentencing, failed to take into consideration or even order a presentence investigation report or consider defendant's present situation.

Double Jeopardy

{¶8} In defendant's first assignment of error, he complains that the sentence for the RVO specification unconstitutionally subjects him to multiple punishments for the same act. It is well settled, however, that the enhanced penalty provisions for an RVO specification do not violate the prohibition against double jeopardy. *State v. Sargent*, 126 Ohio App.3d 557, 567, 710 N.E.2d 1170 (12th Dist.1998); *State v. Wynn*, 5th Dist. Stark No. 2011CA00244, 2012-Ohio-3430, ¶ 32-33; *State v. Smith*, 5th Dist. No. 2004CA00362, 2005-Ohio-6066, ¶ 33.

{¶9} The first assignment of error is without merit.

Ex Post Facto Punishment

{¶10} In his second assignment of error, the defendant asserts that the RVO specification is an impermissible ex post facto punishment for a prior offense. This contention is without merit. *Sargent*; *State v. Wynn*, 5th Dist. Stark No. 2011CA00244, 2012-Ohio-3430, ¶ 33; *State v. Smith*, 5th Dist. Stark No. 2004CA00362, 2005-Ohio-6066, ¶ 33.

{¶11} The second assignment of error is without merit.

## Motion to Dismiss the RVO Specification

{¶12} In his third assignment of error, the defendant argues that the state has taken prejudicially inconsistent positions in this matter. He complains that during the appeal in *Richmond III*, the state conceded that a remand was required because the trial court failed to address the finding requirements of R.C. 2929.14(B)(2)(a)(iv) and (v), but later argued, on reconsideration, that those portions of the statute requiring findings are unconstitutional. In the opinion issued on reconsideration in *Richmond IV*, this court acknowledged the state's change in position and held that the state had not preserved the new claim for review.[1] This court then remanded the matter, and the trial court held the sentencing hearing as ordered on remand. We therefore find no prejudicial error. Accordingly, the third assignment of error is without merit.

## Evidence in Support of the RVO Specification

{¶13} In the fourth and seventh assignments of error, the defendant challenges the sufficiency of the trial court's findings under R.C. 2929.14(B)(2)(a)(iv) and (v).

{¶14} As this court noted in *Richmond IV*:

---

[1]This court stated:

[I]n a motion for reconsideration of this court's original opinion, the state raised concerns regarding the validity of the reenacted "findings" required for the imposition of additional prison time for repeat violent offenders under R.C. 2929.14(B)(2)(a)(iv) and (v) as enacted under H.B. 86. We issue this revised opinion to provide clarity on the process moving forward to ensure both this opinion and *State v. Warren*, 8th Dist. No. 97837, 2012-Ohio-4721, are not misunderstood on this subject.

* * *

The state failed to raise this issue in the trial court below and failed to raise this issue in the initial appeal. *Richmond II* at ¶ 17, 19-20.

Pursuant to R.C. 2929.14(B)(2)(a), in addition to the longest prison term authorized for the offense, the sentencing court may impose an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years for the repeat violent offender specification, if all of the following criteria are met:

(i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

(ii) The offense of which the offender currently is convicted or to which the offender currently pleads guilty is * * * any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole.

(iii) The court imposes the longest prison term for the offense that is not life imprisonment without parole.

(iv) The court finds that the prison terms imposed * * * are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.

(v) The court finds that the prison terms imposed * * * are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

*Id.* at ¶ 20.

**{¶15}** In this case, Richmond was convicted of felonious assault, a first-degree felony that is an offense of violence, and its accompanying RVO specification. At the sentencing hearing held on remand the trial court stated:

On the repeat violent offender specification that applies to Count 1, I find that you were convicted of an offense — the specification finding you to be a repeat violent offender, that it was a felony of the first degree and it was an offense of violence. And that I am not imposing a sentence of life imprisonment without parole upon you. And that I have imposed eight years, which is the longest prison term for the offense. And I find that 18 years — and specifically eight on felonious assault — is inadequate to punish you and to protect the public from future crime.

You have demonstrated by your past criminal history of crimes, including sexual battery, burglary, and felonious assault, that the public is at risk if you are allowed to roam amongst them. And the harm in this case, anal rape of a young man, breaking his arm without provocation, and then holding him hostage from health care makes you such as to deserve a longer prison term.

I mean, clearly the factors of recidivism outweigh anything else. You have a high rate of likely recidivism given your prior criminal history. And a 28-year prison term would not be overly demeaning or demeaning at all to these offenses, felonious assault of a young man and his anal rape.

Your conduct is serious, more serious than the conduct normally constituting an offense of felonious assault or even the more serious offense of rape. This was an anal rape of a juvenile.

Let me remind you again that you will be subject to five years of post-release control following the completion of this 28-year sentence.

Count 1, you'll serve eight years again on the felonious assault plus ten years on a repeat violent offender specification. It's to run consecutive to the ten years on Count 8, for a total sentence of 28 years. Count 7, the five-year sentence, will run concurrent to the other two counts.

{¶16} The trial court's findings are sufficient to support all of the above requirements. The trial court sentenced Richmond to the maximum term of imprisonment on the felonious assault count. The court properly concluded that there is a high likelihood of recidivism based upon defendant's history, and that he poses a significant risk to the public. The court also concluded that the defendant's conduct was so serious that the full term for felonious assault and for rape would not adequately punish the defendant, and that the 28-year term was required. Thus, the trial court's findings are sufficient to establish the RVO specification.

{¶17} The fourth and seventh assignments of error are without merit.

<u>Amendment of Indictment and New Offenses</u>

**{¶18}** In his fifth and sixth assignments of error, the defendant complains that in order to find him guilty of the repeat violent offender specification the trial court relied upon defendant's 1991 convictions that were not mentioned in the indictment, rather than the 1997 felonious assault conviction that was identified in the indictment.

**{¶19}** Pursuant to R.C. 2941.149, in order for the state to indict a defendant on an RVO specification, the indictment must provide notice of the prior conviction to the defendant of the prosecuting attorney's intention to use a certified copy of the entry of judgment of a prior conviction as proof of that prior conviction. Nonetheless, after the conviction, and at the time of sentencing, as this court explained in *State v. Hinton*, 8th Dist. Cuyahoga No. 84582, 2005-Ohio-3427, ¶ 12:

> [T]he Rules of Evidence do not apply in sentencing hearings, and the judge may consider any reliable evidence in the record. Evid.R. 101(C); *State v. Cook*, 83 Ohio St.3d 404, 425, 1998 Ohio 291, 700 N.E.2d 570 (1998). * * * "[I]t is well-established that a sentencing court may weigh such factors as arrests for other crimes. As noted by the Second Circuit United States Court of Appeals, the function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it. The court's consideration ought to encompass negative as well as favorable data. Few things can be so relevant as other criminal activity of the defendant: 'To argue that the presumption of innocence is affronted by considering unproved criminal activity is as implausible as taking the double jeopardy clause to bar reference to past convictions.' *United States v. Doyle,* 348 F.2d 715, 721 (1965), certiorari denied 382 U.S. 843, 15 L.Ed.2d 84, 86 S.Ct. 89 (1965); *United States v. Metz*, 470 F.2d 1140 (3d Cir.1972), certiorari denied 411 U.S. 919, 36 L.Ed.2d 311, 93 S.Ct. 1558 (1973)." *State v. Burton*, 52 Ohio St.2d 21, 23, 368 N.E.2d 297 (1977); *see also Maple Heights v. Dickard*, 31 Ohio App.3d 68, 71, 31 Ohio B. 108, 508 N.E.2d 994 (1986).

*Accord State v. Lewis*, 8th Dist. Cuyahoga No. 99395, 2013-Ohio-4593, ¶ 22-23; *State v. Hale*, 7 N.E.3d 643, 2014-Ohio-262, ¶ 22 (3d Dist.2013); *State v. Tolliver*, 9th Dist. Wayne No. 03CA0017, 2003-Ohio-5050, ¶ 24; *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶15 (2d Dist.).

**{¶20}** In accordance with the foregoing, there was no improper amendment of the indictment to include the additional offenses. Rather, the record indicates that defendant was convicted of the RVO specification in connection with the 1997 conviction for felonious assault. Thereafter, at the time of sentencing, the trial court's consideration of defendant's other convictions, in addition to the 1997 conviction, was not prejudicially erroneous.

**{¶21}** The fifth and sixth assignments of error are without merit.

Costs

**{¶22}** In the eighth assignment of error, the defendant complains that the trial court stated in court that costs would be waived, but the court imposed costs in the judgment entry at the resentencing. The state advises, and the record reveals, that on May 23, 2014, the trial court issued a nunc pro tunc entry that provided:

> NUNC PRO TUNC ENTRY AS OF AND FOR 03/05/2014. * * * ENTRY CORRECTED TO REFLECT COURT COSTS ARE WAIVED. * * *

**{¶23}** This assignment of error is therefore without merit.

Lack of Presentence Investigation

**{¶24}** In his ninth assignment of error, the defendant maintains that the trial court erred in failing to order a presentence investigation before proceeding to resentencing. We note, however, that this issue is both outside of the scope of the resentencing remand. *State v. Wilson*, 129, Ohio St.3d 214, 2011-Ohio-2669, ¶ 33. We also note that it is precluded from further review by operation of res judicata. *Richmond III* at ¶ 33.

**{¶25}** The ninth assignment of error therefore lacks merit.

**{¶26}** Thus, after defendant's direct appeal, in *Richmond I*, the postconviction proceedings in *Richmond II*, the subsequent appeal from our first remand in *Richmond III*, the

reconsideration of that decision in *Richmond IV*, and motions filed in the Ohio Supreme Court, we affirm the judgment of the trial court.

{**¶27**} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
PATRICIA A. BLACKMON, J., CONCUR